**COSTELLO & SILVERMAN, LLC**
By: Miriam S. Edelstein
18000 Horizon Way, Suite 800
Mount Laurel, NJ 08054
(856) 727-9700
medelstein@costellosilverman.com
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANDREW BUNCHUK, individually, on behalf of himself and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BELL NURSERY USA LLC; CENTRAL GARDEN & PET COMPANY; ABC COMPANIES 1-5; and JOHN DOES 1-5,<br><br>Defendants. | CIVIL ACTION<br><br>DOCKET NO:<br><br>**INVIDIVIDUAL ACTION, COLLECTIVE ACTION AND CLASS ACTION COMPLAINT AND JURY DEMAND** |

Named Plaintiff, Andrew Bunchuk ("Named Plaintiff"), residing in Medford Lakes, New Jersey, on behalf of himself and all others similarly situated by way of an Individual Action, Collective Action and Class Action Complaint against the defendants, Bell Nursery USA LLC ("Defendant Bell") and Central Garden & Pet Company ("Defendant Central") (collectively, "Defendants"), and says:

**Preliminary Statement**

Named Plaintiff brings suit on behalf of himself and all others similarly situated against Defendants under the Fair Labor Standards Act ("FLSA") and New Jersey Wage and Hour Law ("NJWHL") for failure to pay wages for all hours worked; under the NJWHL for failure to pay

required minimum wages and overtime wages for all hours worked; and under the New Jersey Wage Payment Law ("NJWPL") unlawful withholding and/or deduction from wages when such wages were due and owing.

**JURISDICTION AND VENUE**

1. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, based on the federal question arising under the FLSA, 29 U.S.C. §§ 201, *et seq.*, and pursuant to the Court's supplemental jurisdiction under 28 U.S.C. § 1367 with respect to the state law claims asserted herein.

2. This Court maintains personal jurisdiction over the defendants because the defendants' contacts with the State of New Jersey and this judicial district are sufficient for the exercise of jurisdiction over the defendants in compliance with the traditional notions of fair play and substantial justice.

3. Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2) because at least one party resides and/or does business in this judicial district and because a substantial part of the acts and/or omissions giving rise to this action occurred within this judicial district.

**Identification of Parties**

4. Named Plaintiff hereby repeats and re-alleges all preceding paragraphs, as though fully set forth herein.

5. Named Plaintiff, Andrew Bunchuk ("Named Plaintiff") is, at all relevant times herein, a resident of the State of New Jersey and was an employee and/or joint and/or dual and/or special employee of Defendants within the meaning of the FLSA, NJWHL and NJWPL.

6. Defendant Bell is, at all relevant times herein, an entitty conducting business in the State of New Jersey at 309 Woodruff Road, Bridgeton, New Jersey, 08302, and, at all relevant times herein, was the employer, and/or joint and/or dual and/or special employer of Named Plaintiff and all others similarly situated within the meaning of the FLSA, NJWHL and NJWPL.

7. Defendant Bell is, at all relevant times herein, an entitty conducting business in the State of New Jersey at 309 Woodruff Road, Bridgeton, New Jersey, 08302, and, at all relevant times herein, was the employer, and/or joint and/or dual and/or special employer of Named Plaintiff and all others similarly situated within the meaning of the FLSA, NJWHL and NJWPL.

8. Defendants ABC Companies 1-5 and John Does 1-5, currently unidentified, are individuals and/or entities who, on the basis of their direct acts or on the basis of *respondeat superior*, are answerable to Named Plaintiff and all others similarly situated for the acts set forth herein.

## FLSA COLLECTIVE ACTION ALLEGATIONS

9. Named Plaintiff hereby repeats and re-alleges all preceding paragraphs, as though fully set forth herein.

10. Named Plaintiff brings this action collectively on behalf of himself and all others similarly situated for violations of the FLSA, pursuant to 29 U.S.C. § 216(b), committed against all current or former employees of Defendants who worked at any point during from three (3) years preceding the date this action was initiated to the present who were subject to the same or similar unlawful pay practices as those alleged herein (hereinafter, members of this putative class are collectively referred to as "FLSA Class Plaintiffs").

11. Named Plaintiff and the FLSA Class Plaintiffs are similarly situated insofar as they all are subject to substantially similar pay provisions of the FLSA with respect to the matters alleged herein and are all subject to the same or substantially similar unlawful pay policies and/or practices of Defendants as described herein.

12. FLSA Class Plaintiffs are known to Defendants and are readily identifiable by Defendants by reference to personnel records and other information required to be maintained under the FLSA and various other federal and state laws and regulations.

13. Accordingly, Named Plaintiff should be permitted to bring this action as a collective action for and on behalf of himself and all others similarly situated pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

## NJWHL CLASS ALLEGATIONS

14. Named Plaintiff hereby repeats and re-alleges all preceding paragraphs, as though fully set forth herein.

15. Named Plaintiff seeks to bring claims to redress violations under the NJWHL for and on behalf of himself and all others similarly situated pursuant to Fed. R. Civ. P. 23.

16. Named Plaintiff specifically seeks to represent a class of all individuals who are currently or formerly employed by Defendants who worked at any point during from six (6) years preceding the date this action was initiated to the present who were subject to the same or similar unlawful pay practices as those alleged herein and whose employment was governed by the NJWHL (hereinafter, members of this putative class are collectively referred to as "NJWHL Class Plaintiffs").

17. Named Plaintiff's individual NJWHL claims are typical of the claims of all NJWHL Class Plaintiffs because Named Plaintiff, like all NJWHL Class Plaintiffs, was:

a. An employee of Defendants working in New Jersey within the six (6) years preceding the date this action was initiated;

b. Whom Defendants failed to pay minimum wages for all hours worked; and/or

c. Whom Defendants failed to pay required overtime wages for all hours worked in excess of forty (40) hours per week.

18. While the exact class size of the NJWHL Class Plaintiffs is currently unknown to Named Plaintiff, as such information is currently within the exclusive possession and/or control of Defendants, upon information and belief, the number of the potential members of the NJWHL Class Plaintiffs is at least thirty (30), making joinder of all NJWHL Class Plaintiffs and their claims impracticable.

19. NJWHL Class Plaintiffs are known to Defendants and are readily identifiable by Defendants by reference to personnel records and other information required to be maintained under the FLSA, NJWHL and various other federal and state laws and regulations no difficulties are likely to be encountered in management of these claims as a class action that would preclude maintenance of these claims as a class action.

20. NJWHL Class Plaintiffs may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notice, first-class mail, or combinations thereof, or by other methods suitable to NJWHL Class Plaintiffs and deemed necessary and/or appropriate by the Court.

21. As to common questions of fact and law, there is a well-defined community of interest and common questions of fact and law affecting Named Plaintiff and all NJWHL Class

Plaintiffs, predominate over questions which may affect individual class members, and which include the following:

a. Whether Defendants failed to pay required minimum wages for all hours worked to Named Plaintiff and all NJWHL Class Plaintiffs;

b. Whether Defendants failed to pay required overtime minimum wages for all hours worked in excess of forty (40) per week to Named Plaintiff and all NJWHL Class Plaintiffs; and

c. What remedies are available to Named Plaintiff and all NJWHL Class Plaintiffs, including back pay due, liquidated damages, attorneys' fees, costs and interest.

22. Named Plaintiff has retained counsel who are competent and experienced in the prosecution of the claims herein, including in class action litigation.

23. As to superiority, a class action is superior to other available means for the fair and efficient adjudication of the claims of the NJWHL Class Plaintiffs because, while the aggregate damages which may be awarded to the NJWHL Class Plaintiffs may be substantial, the actual damages suffered by individual members of the NJWHL Class Plaintiffs are comparatively small, resulting in an economically unfeasible and procedurally impracticable expense and burden upon individual litigants and their counsel to seek redress on an individual basis outside of the class procedure for the conduct alleged herein. Accordingly, the likelihood of individual NJWHL Class Plaintiffs prosecuting separate claims is remote.

24. In addition, individual claims brought by individual NJWHL Class Plaintiffs pose the potential for varying, inconsistent or contradictory judgments, would increase the delay and

expense to all parties and the court system and result in multiple trials to determine the same factual issues.

25. In contrast, proceeding on these claims in a class action presents fewer difficulties for case management, conserves the resources of the parties and the court system and protects the rights of each Class member.

26. Named Plaintiff has no knowledge of any facts or circumstances that would impose difficulty in the management of this action that would preclude its maintenance as a class action.

## NJWPL CLASS ALLEGATIONS

27. Named Plaintiff hereby repeats and re-alleges all preceding paragraphs, as though fully set forth herein.

28. Named Plaintiff seeks to bring claims to redress violations under the NJWPL for and on behalf of himself and all others similarly situated pursuant to Fed. R. Civ. P. 23.

29. Named Plaintiff specifically seeks to represent a class of all individuals who are currently or formerly employed by Defendants who worked at any point during from six (6) years preceding the date this action was initiated to the present who were subject to the same or similar unlawful pay practices as those alleged herein and whose employment was governed by the NJWPL (hereinafter, members of this putative class are collectively referred to as "NJWPL Class Plaintiffs").

30. Named Plaintiff's individual NJWPL claims are typical of the claims of all NJWPL Class Plaintiffs because Named Plaintiff, like all NJWPL Class Plaintiffs, was:

a. An employee of Defendants working in New Jersey within the six (6) years preceding the date this action was initiated;

b. Whom Defendants failed to pay all wages for work performed when such wages were due and owing; and/or

c. Who were subject to the unlawful time deduction policies and/or practices of Defendants described herein.

31. While the exact class size of the NJWPL Class Plaintiffs is currently unknown to Named Plaintiff, as such information is currently within the exclusive possession and/or control of Defendants, upon information and belief, the number of the potential members of the NJWPL Class Plaintiffs is at least thirty (30), making joinder of all NJWPL Class Plaintiffs and their claims impracticable.

32. NJWPL Class Plaintiffs are known to Defendants and are readily identifiable by Defendants by reference to personnel records and other information required to be maintained under the FLSA, NJWHL and NJWPL and various other federal and state laws and regulations no difficulties are likely to be encountered in management of these claims as a class action that would preclude maintenance of these claims as a class action.

33. NJWPL Class Plaintiffs may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notice, first-class mail, or combinations thereof, or by other methods suitable to NJWPL Class Plaintiffs and deemed necessary and/or appropriate by the Court.

34. As to common questions of fact and law, there is a well-defined community of interest and common questions of fact and law affecting Named Plaintiff and all NJWPL Class Plaintiffs, predominate over questions which may affect individual class members, and which include the following:

a. Whether Defendants failed to pay all wages for work performed when such wages were due and owing to Named Plaintiff and all NJWPL Class Plaintiffs;

b. Whether Defendants subjected Named Plaintiff and all NJWPL Class Plaintiffs to the unlawful time deduction policies and/or practices described herein; and

c. What remedies are available to Named Plaintiff and all NJWPL Class Plaintiffs, including back pay due, liquidated damages, attorneys' fees, costs and interest.

35. Named Plaintiff has retained counsel who are competent and experienced in the prosecution of the claims herein, including in class action litigation.

36. As to superiority, a class action is superior to other available means for the fair and efficient adjudication of the claims of the NJWPL Class Plaintiffs because, while the aggregate damages which may be awarded to the NJWPL Class Plaintiffs may be substantial, the actual damages suffered by individual members of the NJWPL Class Plaintiffs are comparatively small, resulting in an economically unfeasible and procedurally impracticable expense and burden upon individual litigants and their counsel to seek redress on an individual basis outside of the class procedure for the conduct alleged herein. Accordingly, the likelihood of individual NJWPL Class Plaintiffs prosecuting separate claims is remote.

37. In addition, individual claims brought by individual NJWPL Class Plaintiffs pose the potential for varying, inconsistent or contradictory judgments, would increase the delay and expense to all parties and the court system and result in multiple trials to determine the same factual issues.

38. In contrast, proceeding on these claims in a class action presents fewer difficulties for case management, conserves the resources of the parties and the court system and protects the rights of each Class member.

39. Named Plaintiff has no knowledge of any facts or circumstances that would impose difficulty in the management of this action that would preclude its maintenance as a class action.

## GENERAL ALLEGATIONS COMMON TO ALL CLAIMS

40. Named Plaintiff hereby repeats and re-alleges all preceding paragraphs, as though fully set forth herein.

41. Defendants operate a wholesale nursery business which does business throughout the contiguous United States.

42. Defendants operate out of several states, including out of a location in Bridgeton, New Jersey, where Named Plaintiff was based during his employment with Defendants.

43. Defendants are joint and/or special and/or dual employers of Named Plaintiff, the FLSA Class Plaintiffs, the NJWHL Class Plaintiffs and the NJWPL Class Plaintiffs (collectively herein, "All Class Plaintiffs") because Defendants operate either a joint enterprise or *alter egos* of one another, such that they operate pursuant to a common scheme, subject to the same policies and practices governing their operations, having the same decision-makers for operational concerns, having access to and/or use of common assets, and work together towards the same or similar goals with respect to their common enterprise, of which All Class Plaintiffs were employees.

44. Upon information and belief, Defendant Bell is a limited liability company whose sole member is Bell Nursery Holdings, LLC, of which Defendant Central is the sole member.

45. Named Plaintiff worked for Defendants as a Driver from in or around February 2022 until in or around February 2026.

46. Throughout Named Plaintiff's employment, Defendants automatically deducted thirty (30) minutes from Named Plaintiff's and All Class Plaintiff's time actually worked at least once per work day.

47. During this thirty (30) minute period, Defendants would automatically "clock out" Named Plaintiff and All Class Plaintiffs, categorizing such period as an "unpaid break" for which Defendants would not pay any wages to Named Plaintiff and All Class Plaintiffs.

48. Named Plaintiff and All Class Plaintiffs, however, would perform compensable work during the periods of time during which Defendants automatically deducted from their time worked, resulting in Defendants' improper withholding of and failure to pay Named Plaintiff and All Class Plaintiffs for all time actually worked.

49. On days during which Named Plaintiff and All Class Plaintiffs worked more than full shift, Defendants would unlawfully deduct a second thirty (30) minute period from their time actually worked, despite Named Plaintiff and All Class Plaintiffs performing compensable work during these 30-minute periods as well.

50. As a result of the foregoing unlawful pay policies and practices, Defendants failed to pay Named Plaintiff and FLSA Class Plaintiffs required minimum wages for all hours worked, causing Named Plaintiff and FLSA Class Plaintiffs economic harm.

51. Further, as a result of the foregoing unlawful pay policies and practices, Defendants failed to pay Named Plaintiff and NJWHL Class Plaintiffs required minimum wages for all hours worked, causing Named Plaintiff and NJWHL Class Plaintiffs economic harm.

52. Further, as a result of the foregoing unlawful pay policies and practices, Defendants failed to pay Named Plaintiff and NJWHL Class Plaintiffs required overtime wages for all hours worked in excess of forty (40) per week, causing Named Plaintiff and NJWHL Class Plaintiffs economic harm.

53. Further, as a result of the foregoing unlawful pay policies and practices, Defendants failed to pay Named Plaintiff and NJWPL Class Plaintiffs all wages due for work performed when such wages were due and owing, and improperly withheld such wages and/or made improper deductions from their pay, causing Named Plaintiff and NJWHL Class Plaintiffs economic harm.

54. Defendants' unlawful violations of the FLSA, NJWHL and NJWPL were undertaken willfully and knowingly, either as a matter of actual knowledge that that these acts were violative of the statutes herein, or with reckless disregard for the rights of Named Plaintiff and All Class Plaintiffs under these statutes, such that the full measure of liquidated damages available under each statute should be awarded.

**COUNT I**

**<u>FLSA – Failure to Pay Minimum Wages for All Hours Worked</u>**
**(Named Plaintiff and FLSA Class Plaintiffs v. Defendants)**

55. Named Plaintiff hereby repeats and re-alleges all preceding paragraphs, as though fully set forth herein.

56. As set forth above, Defendants failed to pay Named Plaintiff and FLSA Class Plaintiffs required minimum wages for all hours worked, in violation of the FLSA.

57. Defendants further violated the FLSA by failing to keep accurate records of actual time worked by automatically deducting time from the records of Named Plaintiff and FLSA

Class Plaintiffs during which they performed compensable work and miscategorizing such time as non-compensable break time.

58. Defendants' unlawful pay policies and practices with respect to the rights of Named Plaintiff and FLSA Class Plaintiffs were willful violations of the FLSA and not based upon any reasonable interpretation of the statute.

59. As a result of Defendants' violations of the FLSA, Named Plaintiff and FLSA Class Plaintiffs have suffered damages as set forth herein.

**WHEREFORE**, Named Plaintiff demands relief from Defendants, jointly and/or severally, together with:

(a) A preliminary order conditionally certifying the FLSA Class Plaintiffs as a class as articulated above for purposes of maintaining and litigating the FLSA claims herein as a collective action, appointing Named Plaintiff as the representative of the FLSA Class Plaintiffs and appointing counsel of record for Named Plaintiff as counsel for the FLSA Class Plaintiffs; and thereafter

(b) An order granting final certification of the FLSA Class Plaintiffs as described above; and thereafter

(c) Judgment entered by the Court:

(i) Declaring that the acts and practices complained of herein are in violation of the FLSA;

(ii) Directing Defendants to make Named Plaintiff and the FLSA Class Plaintiffs whole for all unpaid wages due as a consequence of

Defendants' violations of the FLSA, together with interest thereon from the date(s) such wages were due but unpaid;

(iii) Awarding Named Plaintiff and the FLSA Class Plaintiffs liquidated damages in an amount equal to all unpaid wages resulting from Defendants' FLSA violations set forth above;

(iv) Awarding Named Plaintiff's counsel the cost of this action together with reasonable attorneys' fees; and

(v) Ordering such other and further relief as the Court may deem just and proper.

**COUNT II**

**NJWHL – Failure to Pay Minimum Wages for All Hours Worked**
**(Named Plaintiff and NJWHL Class Plaintiffs v. Defendants)**

60. Named Plaintiff hereby repeats and re-alleges all preceding paragraphs, as though fully set forth herein.

61. As set forth above, Defendants failed to pay Named Plaintiff and NJWHL Class Plaintiffs required minimum wages for all hours worked, in violation of the NJWHL.

62. Defendants further violated the NJWHL by failing to keep accurate records of actual time worked by automatically deducting time from the records of Named Plaintiff and NJWHL Class Plaintiffs during which they performed compensable work and miscategorizing such time as non-compensable break time.

63. Defendants' unlawful pay policies and practices with respect to the rights of Named Plaintiff and NJWHL Class Plaintiffs were willful violations of the NJWHL and not based upon any reasonable interpretation of the statute.

64. As a result of Defendants' violations of the NJWHL, Named Plaintiff and NJWHL Class Plaintiffs have suffered damages as set forth herein.

**WHEREFORE**, Named Plaintiff demands relief from Defendants, jointly and/or severally, together with:

(a) An order certifying the NJWHL Class Plaintiffs as a class as articulated above for purposes of maintaining and litigating the NJWHL claims herein as a class action, appointing Named Plaintiff as the representative of the NJWHL Class Plaintiffs and appointing counsel of record for Named Plaintiff as counsel for the NJWHL Class Plaintiffs; and thereafter

(b) Judgment entered by the Court:

(i) Declaring that the acts and practices complained of herein are in violation of the NJWHL;

(ii) Directing Defendants to make Named Plaintiff and the NJWHL Class Plaintiffs whole for all unpaid wages due as a consequence of Defendants' violations of the NJWHL, together with interest thereon from the date(s) such wages were due but unpaid;

(iii) Awarding Named Plaintiff and the NJWHL Class Plaintiffs liquidated damages in an amount equal to 200% of all unpaid wages resulting from Defendants' NJWHL violations set forth above;

(iv) Awarding Named Plaintiff's counsel the cost of this action together with reasonable attorneys' fees together with statutory enhancement thereof; and

(v) Ordering such other and further relief as the Court may deem just and proper.

**COUNT III**

**NJWHL – Failure to Pay Overtime Wages for All Hours Worked in Excess of 40/Week**
**(Named Plaintiff and NJWHL Class Plaintiffs v. Defendants)**

65. Named Plaintiff hereby repeats and re-alleges all preceding paragraphs, as though fully set forth herein.

66. As set forth above, Defendants failed to pay Named Plaintiff and NJWHL Class Plaintiffs required overtime wages for all hours worked in excess of forty (40) per week, in violation of the NJWHL.

67. Defendants further violated the NJWHL by failing to keep accurate records of actual time worked by automatically deducting time from the records of Named Plaintiff and NJWHL Class Plaintiffs during which they performed compensable work and miscategorizing such time as non-compensable break time.

68. Defendants' unlawful pay policies and practices with respect to the rights of Named Plaintiff and NJWHL Class Plaintiffs were willful violations of the NJWHL and not based upon any reasonable interpretation of the statute.

69. As a result of Defendants' violations of the NJWHL, Named Plaintiff and NJWHL Class Plaintiffs have suffered damages as set forth herein.

**WHEREFORE**, Named Plaintiff demands relief from Defendants, jointly and/or severally, together with:

(a) An order certifying the NJWHL Class Plaintiffs as a class as articulated above for purposes of maintaining and litigating the NJWHL claims herein as a class action, appointing Named Plaintiff as the representative of the

NJWHL Class Plaintiffs and appointing counsel of record for Named Plaintiff as counsel for the NJWHL Class Plaintiffs; and thereafter

(b) Judgment entered by the Court:

(i) Declaring that the acts and practices complained of herein are in violation of the NJWHL;

(ii) Directing Defendants to make Named Plaintiff and the NJWHL Class Plaintiffs whole for all unpaid wages due as a consequence of Defendants' violations of the NJWHL, together with interest thereon from the date(s) such wages were due but unpaid;

(iii) Awarding Named Plaintiff and the NJWHL Class Plaintiffs liquidated damages in an amount equal to 200% of all unpaid wages resulting from Defendants' NJWHL violations set forth above;

(iv) Awarding Named Plaintiff's counsel the cost of this action together with reasonable attorneys' fees together with statutory enhancement thereof; and

(v) Ordering such other and further relief as the Court may deem just and proper.

**COUNT IV**

**<u>NJWPL – Failure to Pay Wages When Due/Owing and/or Improper Deductions</u>**
**(Named Plaintiff and NJWPL Class Plaintiffs v. Defendants)**

70. Named Plaintiff hereby repeats and re-alleges all preceding paragraphs, as though fully set forth herein.

71. As set forth above, Defendants failed to pay Named Plaintiff and NJWPL Class Plaintiffs all wages earned for work performed when such wages were due and owing in violation of the NJWPL.

72. Defendants further violated the NJWPL by making unlawful and improper deductions from the earned pay of Named Plaintiff and NJWPL Class Plaintiffs by miscategorizing compensable time as unpaid, non-compensable break time.

73. Defendants further violated the NJWPL by failing to keep accurate records of actual time worked by automatically deducting time from the records of Named Plaintiff and NJWPL Class Plaintiffs during which they performed compensable work and miscategorizing such time as non-compensable break time.

74. Defendants' unlawful pay policies and practices with respect to the rights of Named Plaintiff and NJWPL Class Plaintiffs were willful violations of the NJWPL and not based upon any reasonable interpretation of the statute.

75. As a result of Defendants' violations of the NJWPL, Named Plaintiff and NJWPL Class Plaintiffs have suffered damages as set forth herein.

**WHEREFORE**, Named Plaintiff demands relief from Defendants, jointly and/or severally, together with:

(a) An order certifying the NJWPL Class Plaintiffs as a class as articulated above for purposes of maintaining and litigating the NJWPL claims herein as a class action, appointing Named Plaintiff as the representative of the NJWPL Class Plaintiffs and appointing counsel of record for Named Plaintiff as counsel for the NJWPL Class Plaintiffs; and thereafter

(b) Judgment entered by the Court:

(i) Declaring that the acts and practices complained of herein are in violation of the NJWPL;

(ii) Directing Defendants to make Named Plaintiff and the NJWPL Class Plaintiffs whole for all unpaid wages due as a consequence of Defendants' violations of the NJWPL, together with interest thereon from the date(s) such wages were due but unpaid;

(iii) Awarding Named Plaintiff and the NJWPL Class Plaintiffs liquidated damages in an amount equal to 200% of all unpaid wages resulting from Defendants' NJWPL violations set forth above;

(iv) Awarding Named Plaintiff's counsel the cost of this action together with reasonable attorneys' fees together with statutory enhancement thereof; and

(v) Ordering such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury.

**COSTELLO & SILVERMAN, LLC**

**By: _*/s/ Miriam S. Edelstein*__**
**Miriam S. Edelstein**

Dated: May 13, 2026